Camarano v. Griffin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of November, two thousand nineteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                   *Circuit Judges*.

_____

ROBERT CAMARANO,

                   *Petitioner-Appellant*,

            v.                                                    17-3335

T. GRIFFIN, SUPERINTENDENT, GREEN HAVEN CORRECTIONAL FACILITY,

                   *Respondent-Appellee*.

_____

Appearing for Appellant:     Robert Camarano, pro se, Stormville, N.Y.

Appearing for Appellee:      Ross D. Mazer (Karen Schlossberg, *on the brief*), Assistant District
                             Attorneys, *for* Cyrus R. Vance, Jr., District Attorney, New York
                             County, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Appellant Robert Camarano, pro se and incarcerated, appeals the September 19, 2017 order of the United States District Court for the Southern District of New York (Pauley, *J.*) denying his 28 U.S.C. § 2254 petition. In his petition, Camarano primarily claimed that the state court's delay in adjudicating his direct criminal appeal violated due process. The district court held that Camarano's claim was unexhausted because his appeal was still pending. This Court granted a certificate of appealability on the following issue: "whether the nearly eight-year delay in the processing of [Camarano's] direct appeal violated [Camarano's] due process rights." The state courts subsequently affirmed Camarano's conviction and sentence. We assume the parties' familiarity with the underlying facts and procedural history.

We have considered Camarano's October 15, 2019 motion to reconsider his motion for an evidentiary hearing, and deny his request for relief.

Camarano has exhausted his state court remedies, as his appeal in state court has now been decided. Accordingly, we **VACATE** the judgment of the district court dismissing Camarano's § 2254 petition for failure to exhaust his state court remedies, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk